# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 11241 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| SHERIFF OF COOK COUNTY, COOK COUNTY, ILLINOIS, and DR. CONCETTA MENELLA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court denies Defendant Dr. Concetta Menella's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [15]. Defendant Menella shall file her answer by April 13, 2016.

## STATEMENT

On December 14, 2015, Plaintiff Daniel Nielsen filed a one-count Complaint against Defendants Sheriff of Cook County, Cook County, Illinois, and Dr. Concetta Menella alleging a Fourteenth Amendment due process deliberate indifference claim regarding his serious medical condition while he was a detainee at the Cook County Department of Corrections ("CCDOC"). Before the Court is Defendant Menella's Rule 12(b)(6) motion to dismiss. For the following reasons, the Court denies Defendant's motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining the sufficiently of a complaint under the plausibility standard, courts "accept the complaint's well-pleaded facts as true and construe the allegations in the light most favorable to the plaintiff." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014).

## BACKGROUND

In his Complaint, Plaintiff alleges that he was a detainee at the Cook County Jail from July 18, 2013 to February 10, 2014. (R. 1, Compl. ¶ 5.) On August 6, 2013, Plaintiff submitted a Health Service Request Form to jail officials stating that he needed to see an eye doctor. (*Id*. ¶ 10.) Plaintiff states that a person whose identify is unknown to him reviewed the above-referenced Health Service Request Form – and without examining Plaintiff to discover the signs and symptoms causing his complaint concerning his vision – the person scheduled Plaintiff to see an optometrist on November 20, 2013, which was 106 days from when Plaintiff submitted the Health Service Request Form. (*Id*. ¶ 11.) Further, Plaintiff alleges that on August 30, 2013, he submitted a second Health Service Request Form complaining of a vision problem stating "I CAN'T SEE." (*Id*. ¶ 12.) Again, a person whose identify is unknown to Plaintiff reviewed the August 30, 2013 Health Service Request Form, and, without examining Plaintiff to discover the signs and symptoms causing his complaint of a vision problem, took no action except to note on the Health Service Request Form that Plaintiff had an optometrist appointment scheduled for November 20, 2013. (*Id*. ¶ 13.) Similarly, on September 17, 2013, Plaintiff submitted a third Health Service Request Form concerning his vision problem, and again, an unidentified person noted that Plaintiff had an optometrist appointment for November 20, 2013. (*Id*. ¶¶ 14, 15.) On October 11 and 18, 2013, Plaintiff submitted his fourth and fifth Health Service Request Forms explaining that he had an eye infection and that he needed medication. (*Id*. ¶¶ 16, 18.) An unidentified person reviewed this request and took no action. (*Id.* ¶¶ 17, 19.) On October 22, 2013, Plaintiff submitted his sixth Health Service Request Form complaining of a vision problem stating: "RIGHT EYE SWOLLEN 3 WKS." (*Id.* ¶ 20.)

Thereafter, on October 22, 2013, a registered nurse at the Cook County Jail provided the first in-person assessment of Plaintiff's eye complaint, and noted that Plaintiff's right eye had been swollen for three weeks with a small amount of white discharge. (*Id*. ¶ 21.) The nurse then scheduled Plaintiff for an optometry follow-up appointment on October 28, 2013. (*Id*. ¶ 22.) Plaintiff maintains that as a result of a widespread practice at the Cook County Jail of failing to provide detainees with medical appointments as ordered by medical providers, Plaintiff did not see an optometrist on October 28, 2013. (*Id*. ¶ 23.) On November 2, 2013, Plaintiff submitted his seventh Health Service Request Form about vision problem stating: "BEEN HERE 4 MOS. HAVE AN EYE INFECTION, VISION IS OBSCURED." (*Id*. ¶ 24.) Likewise, Plaintiff filed another Health Service Request Form on November 5, 2013 stating: "I HAVE OBSCURED VISION IN MY RIGHT EYE." (*Id*. ¶ 26.) No action was taken after these two complaints. (*Id*. ¶¶ 25, 27.)

On November 21, 2013, an optometrist examined Plaintiff at the Cook County Jail and ordered that Plaintiff see an ophthalmologist at Stroger Hospital. (*Id*. ¶ 28.) Plaintiff contends

that although he was scheduled to see an ophthalmologist on December 19, 2013, jail personnel did not transport him to Stroger Hospital on that day. (*Id.* ¶ 32.) Thereafter, jail officials rescheduled him to see an ophthalmologist at Stroger Hospital on May 8, 2014. (*Id.*) Plaintiff was released from the Cook County Jail on February 10, 2014 and then visited Stroger Hospital on February 13, 2014, where an ophthalmologist diagnosed him with having a detached retina. (*Id.* ¶¶ 35, 36.) Physicians were unable to re-attach Plaintiff's retina, and thus he lost vision in his right eye. (*Id.* ¶ 37.)

Furthermore, Plaintiff asserts that Defendant Mennella was the final decision maker at the Cook County Jail for determining which detainees would be transported to Stroger Hospital for specialty appointments and which detainees would not go based on Defendant Sheriff Dart's decision to limit resources for transporting detainees to Stroger Hospital. (*Id.* ¶ 34.) Also, Plaintiff alleges that during the relevant time period, Defendant Mennella was employed as the Chairman of the Department of Correctional Health by Cook County. (*Id.* ¶ 4.) Plaintiff sues Defendant Mennella in her individual capacity. (*Id.*)

## ANALYSIS

Because Plaintiff was a detainee at the CCDOC, his constitutional claim is derived from the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson,* ___ U.S. ___, 135 S. Ct. 2466, 2475, 192 L.Ed.2d 416 (2015). The due process clause "applies essentially the same deliberate indifference analysis to detainees as the Eighth Amendment does to inmates." *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.,* 746 F.3d 766, 775 (7th Cir. 2014). "A plaintiff claiming a constitutional violation under § 1983 for denial of medical care must meet both an objective and a subjective component." *Id.* Specifically, a detainee "must show that the alleged conditions were objectively serious enough to amount to a constitutional deprivation and that defendants possessed a sufficiently culpable state of mind." *Burton v. Downey,* 805 F.3d 776, 784 (7th Cir. 2015).

In her motion to dismiss, Defendant Menella first argues that because she did not have direct personal involvement with Plaintiff's medical treatment, she cannot be liable under § 1983. An individual cannot be held liable in a § 1983 action unless she caused or participated in the alleged constitutional deprivation. *See Matz v. Klotka,* 769 F.3d 517, 528 (7th Cir. 2014); *Kuhn v. Goodlow,* 678 F.3d 552, 556 (7th Cir. 2012). As it pertains to a constitutional claim based on conditions of confinement, including inadequate medical care, the Seventh Circuit has "stated that deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citation omitted); *see also Matthews v. City of E. St. Louis,* 675 F.3d 703, 708 (7th Cir. 2012) (same).

Plaintiff, on the other hand, argues that he has sufficiently alleged that Defendant Menella was the decision maker who facilitated which detainees would be transported to Stroger Hospital for specialty appointments. Viewing the facts as true and all reasonable inferences in Plaintiff's favor, his allegations reveal that Defendant Menella made an intentional decision that

3

caused the constitutional deprivation at issue. To clarify, Plaintiff alleges that Defendant Menella's conduct regarding who would be transported to Stroger Hospital was at least partially to blame in the delay and denial of his medical care. Specifically, Plaintiff's claim is that Defendant Menella intentionally interfered with the medical treatment prescribed by the optometrist at Cook County Jail when she decided that jail personnel would not transport Plaintiff to Stroger Hospital for his December 2013 appointment with an ophthalmologist. *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 829 (7th Cir. 2009) (deliberate "indifference includes intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment.") (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In addition, Plaintiff sufficiently alleges that Defendant Menella's decision that he would not be transported to Stroger Hospital for his ophthalmologist appointment also supports the theory of liability that Defendant Menella's conduct contributed to the unnecessary delay in his medical treatment. *See Estelle*, 429 U.S. at 104-05. At this juncture, Plaintiff's allegations include enough details to present a story that "holds together" in relation to Defendant Menella's involvement in the deprivation of his constitutional right. *See Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 526 (7th Cir. 2015); *see also Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Next, Defendant Menella argues that qualified immunity protects her from liability. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes,* ___ U.S. ___, 135 S.Ct. 2042, 2044, 192 L.Ed.2d 78 (2015) (internal quotation marks omitted). In evaluating the affirmative defense of qualified immunity, courts consider: "(1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Locke v. Haessig,* 788 F.3d 662, 667 (7th Cir. 2015). "A plaintiff can show that a right is 'clearly established' by statute or constitution in at least two ways: (1) he can point to a clearly analogous case establishing the right to be free from the conduct at issue; or (2) he can show that the conduct was 'so egregious that no reasonable person could have believed that it would not violate established rights.'" *Beaman v. Freesmeyer,* 776 F.3d 500, 508 (7th Cir. 2015) (citation omitted).

Often qualified immunity defenses are too fact-intensive for courts to decide on a Rule 12(b)(6) motion to dismiss. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1090 (7th Cir. 2008). Indeed, at this procedural posture, Defendant Menella has not established that she is shielded by qualified immunity. As discussed, Plaintiff has sufficiently alleged that Defendant Menella was deliberately indifferent to his serious medical needs because she intentionally interfered with the medical treatment prescribed by the optometrist at Cook County Jail when she decided that jail personnel would not transport Plaintiff to Stroger Hospital for his December 2013 appointment with an ophthalmologist. Also, taking the facts in a light most favorable to Plaintiff, his allegations that Defendant Menella unnecessarily delayed his medical treatment also show that

4

she was involved in the alleged constitutional deprivation. Moreover, it has been clearly established since the Supreme Court's 1976 decision in *Estelle* that intentionally interfering with a prescribed treatment amounts to deliberate indifference, as well as intentionally denying or delaying access to medical care. *See Estelle,* 429 U.S. at 104-05; *Rodriguez,* 577 F.3d at 828-29; *Walker v. Benjamin,* 293 F.3d 1030, 1040 (7th Cir. 2002); *Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d 805, 810 (7th Cir. 2000).

Nevertheless, Defendant Menella argues that qualified immunity protects her because her conduct was discretionary. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In particular, Defendant Menella argues that the phrase "discretionary functions" as it appears in the *Harlow* decision absolves her of § 1983 liability. Defendant Menella, however, does not address the important qualifying language in *Harlow*, which states "that government officials performing discretionary functions generally are shielded from liability for civil damages *insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.*" *Id.* at 818 (emphasis added). At this stage of the proceedings, Plaintiff has alleged sufficient facts to establish that Defendant Menella's conduct violated a clearly established constitutional right despite her argument that all discretionary conduct is protected under *Harlow*.

**Dated:** March 23, 2016

**AMY J. ST. EVE**
**United States District Court Judge**